UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACK HARANG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-10-1953 |
| § | |
| DELTA MOVING SERVICES, LTD., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Jack W. Harang's ("Harang") Motion to Remand (Doc. 6), as well as Defendant Delta Moving Services, Ltd.'s ("Delta Moving") response (Doc. 8) and supplement (Doc. 19).  Also before the Court is Delta Moving's Motion to Dismiss (Doc. 13), as well as Harang's response (Doc. 14) and Delta Moving's reply (Doc. 16) and supplement (Doc. 20).  Upon review and consideration of these motions, the responses and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion to remand should be denied and Defendant's motion to dismiss should be granted.

I.  Background and Relevant Facts

This case involves a dispute over a shipment of household items from Mobile, Alabama to Houston, Texas.  On or about April 15, 2010, Delta Moving, through its agent, Jeff Schmid, issued a binding estimate for moving twenty-seven pieces of furniture with an estimated weight of 2,300 pounds from Mobile, Alabama to Houston, Texas for $1,364.40.  (Doc. 12 ¶ 4.)  The estimate was based on a cost of $0.48 per pound for the first 2,300 pounds with additional weight charged at $0.68 per pound.  (*Id.*; Doc. 14 ¶ 1)  On or about April 21, 2010, Delta Moving arrived at Harang's apartment at 253 North Jackson Street in Mobile, Alabama to move these

items.  (Doc. 12 ¶ 5.)  In addition to the furniture that was the subject of the estimate, "there were approximately twenty-five (25) medium sized boxes, one (1) bicycle and three (3) duffle bags[.]" (*Id.*)  Harang maintains that the weight of these additional items did not exceed 1,500 pounds and therefore should "have increased the costs of the move by approximately one thousand dollars (1,000.00)."  (*Id.*)  Harang alleges that Delta Moving's representative presented to Harang's representative a binding price of $5,298.00.  (*Id.* ¶ 6.)  Harang "refused to pay this amount as it did not reflect the agreed upon price based upon weighing of the property."  (*Id.* ¶ 7.)  Harang believes Delta Moving "has stored the property in Harris County, Texas."  (*Id.*)

On May 27, 2010, Harang filed his Original Petition in County Court at Law No. 2 of Harris County, Texas.  (Doc. 1-1.)  On June 2, 2010, Delta Moving removed the case to this Court pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), as well as 28 U.S.C. §§ 1441 and 1446(b).  (Doc. 1 at 2.)  On June 30, 2010, Delta Moving filed a counterclaim against Harang for violation of 49 U.S.C. § 13706, as well as breach of contract, unjust enrichment, and quantum meruit.  (Doc. 7.)  On September 1, 2010, Harang amended his complaint, suing solely for violations of the Texas and Alabama Deceptive Trade Practices Acts ("DTPA").  (Doc. 12.)  Harang moves for remand to state court. (Doc. 6.)

II.  Standard of Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A defendant may remove a case only if the plaintiff could have originally initiated the suit in federal court.  *Merrell Dow Pharm., Inc.*

*v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441(b)). Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Whether a claim arises under federal law is generally determined by the "well-pleaded complaint" rule. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The district court must be certain that federal subject matter jurisdiction is proper before entertaining any motions. *See, Akhaghi v. Berry*, 294 F. Supp. 2d 1238 (D. Kan 2003). It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 811 (1986). However, under the complete preemption doctrine, an exception to the well-pleaded complaint rule, removal is proper if federal legislation is so complete it entirely supplants the state law claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All

factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

Finally, Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts to state a claim for relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). The issue before the Court is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

III.  Discussion

Delta Moving removed the case based on complete preemption under the Carmack Amendment., which exclusively governs liability of motor carriers for loss and damage arising from an interstate shipment. (Doc. 1.) In his motion to remand, Harang argues that the Carmack Amendment does not apply to claims brought against transportation brokers. *See Oliver Prods. Co. v. Foreway Mgmt. Servs., Inc.*, No. 1:06-CV-26, 2006 WL 2711515, at *1 (W.D. Mich. May 24, 2006) ("While federal courts, including the Supreme Court, have applied preemption to carrier cases because the Carmack Amendment intended uniform liability in such cases, they have not applied this doctrine to transportation brokers."); *Delta Research Corp. v. EMS, Inc.*, No. 04-60046, 2005 WL 2090890, at *5 (E.D. Mich. Aug. 29, 2005); *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068–69 (C.D. Cal. 2002) ("[T]he Carmack Amendment does not apply to brokers."). The issue here, then, is whether Delta Moving is a motor carrier as defined in the Carmack amendment rather than a broker.

The Carmack Amendment defines the term broker as follows:

> (2) Broker.--The term "broker" means a person, other than a motor carrier
> or an employee or agent of a motor carrier, that as a principal or

> agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).  The term motor carrier is defined as follows:

> (14) Motor carrier.--The term "motor carrier" means a person providing motor vehicle transportation for compensation.

*Id.* § 13102(14).  In support of his argument that Delta Moving is a broker and not a motor carrier, Harang points to Delta Moving's registration with the Federal Motor Carrier Safety Administration ("FMCSA") as a "household goods broker", a status that was suspended on March 30, 2010.  (Doc. 6-1 at 3.)  Delta Moving responds that on April 27, 2010, it received permission from the U.S. Department of Transportation ("USDOT") to change its name to Delta Relocation Group, Inc., and that a search of its USDOT number 917651 on the FMCSA web site indicates that it is a carrier of household goods and that there were no "Out of Service" dates. (Doc. 19 ¶ 1; Doc. 19-1; Doc 19-2 at 1–2.)  Neither party cites any case law holding that registration with the FMCSA is pertinent to a person's status under the Carmack Amendment.

The goods that are the subject of the shipment were transported in interstate commerce under a Bill of Lading.  (Doc. 8-1.)  Harang, by his agent Ron Welcker, tendered household goods to Delta Moving for shipment from Alabama to Texas.  (*Id.*)  The Court therefore finds that Delta Moving qualifies as a motor carrier under the Carmack Amendment.  Plaintiff's sole cause of action in his amended complaint is stated under the Texas and Alabama Deceptive Trade Practices Act.  (Doc. 12 ¶¶ 11–12.)  Under the facts of this case, these claims are preempted by the Carmack Amendment.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Jack W. Harang's Motion to Remand (Doc. 6) is **DENIED**.  Plaintiff's request for a hearing date (Doc. 15) is **MOOT**.

The Court further **ORDERS** that Defendant Delta Moving Services, Ltd.'s Motion to Dismiss (Doc. 13) is **GRANTED** and Plaintiff's state law claims under the Texas and Alabama Deceptive Trade Practices Acts are **DISMISSED**. Plaintiff has twenty (20) days to amend his complaint to state a cause of action under the Carmack Amendment.

SIGNED at Houston, Texas, this 23rd day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE